FILED
United States Court of Appeals
Tenth Circuit

October 21, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ISMAEL MORALES,

      Defendant–Appellant.

No. 08-7060
(D.C. No. 6:07-CV-00407-RAW and
6:04-CR-00061-RAW-1)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Ismael Morales requests a certificate of appealability ("COA") following

the district court's denial of his 28 U.S.C. § 2255 application for a writ of habeas

corpus alleging ineffective assistance of counsel at sentencing. Because the

district court denied Morales a COA, he may not appeal the district court's

decision absent a grant of COA by this court. § 2253(c)(1)(B). A COA may issue

"only if the applicant has made a substantial showing of the denial of a

constitutional right." § 2253(c)(2). This requires Morales to show "that

reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Morales cannot make this showing, we deny Morales's application for a COA and dismiss his appeal.

Morales was arrested after he purchased 84 grams of methamphetamine at a home in Arkoma, Oklahoma, on April 15, 2004. He pleaded guilty to one count of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2. The district court sentenced Morales to 174 months' imprisonment. This court vacated Morales's sentence because it contravened the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), and remanded for resentencing.

On remand, the district court imposed the identical sentence. United States v. Morales, 232 F. App'x 800, 802 (10th Cir. 2007) (unpublished). The district judge calculated Morales's sentence including a two-level enhancement for possession of a firearm under the United States Sentencing Guidelines ("Guidelines") § 2D1.1(b)(1). In a letter to the United States Probation Office ("Probation Office"), Morales's attorney objected to the application of this enhancement because Morales contended that the firearms were located in his codefendant's locked bedroom, and he had no knowledge of their existence. The Probation Office addressed this objection in an addendum to Morales's presentence report, concluding that there was nonetheless sufficient evidence of

possession to support applying the firearm enhancement. Morales's attorney objected again at resentencing, but the court took judicial notice of the firearm testimony from the original sentencing hearing and overruled the objection. Morales, 232 F. App'x at 802. On direct appeal, Morales argued that the district court applied the Guidelines as though they were mandatory, and that the court erred in applying the enhancement for possession of a firearm. Id. This court rejected those claims and affirmed Morales's sentence. Id. at 805.

Morales then filed an application for a writ of habeas corpus under 28 U.S.C. § 2255 arguing that his trial counsel was ineffective at sentencing for failing to contest whether Morales lived at the house where the methamphetamine sale occurred and the firearms were found. Morales claims that this would have demonstrated that he did not possess the firearms when he was arrested for possession of methamphetamine with intent to distribute. The district court denied the § 2255 application, a subsequent motion for reconsideration, and Morales's application for a COA.

In order to determine whether Morales has made a substantial showing of the denial of a constitutional right, we examine the merits of his ineffective assistance claim. Under Strickland v. Washington, 466 U.S. 668, 687 (1984), Morales must show that his counsel's actions fell below an objective standard of reasonableness, and that this deficiency prejudiced the proceedings. In order for the conduct to be prejudicial, there must be "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Morales is not entitled to a COA because he cannot demonstrate prejudice.

Morales contends that his sentence would have been different but for trial counsel's failure to argue that Morales did not live where the firearms were found. He urges that, had his attorney properly contested this assertion, the district court could not have found that Morales possessed the firearms for purposes of the § 2D1.1 enhancement.

Morales's attorney objected to the application of the sentencing enhancement based on the location of the firearms in a locked room and Morales's unawareness of these firearms. Accordingly, we cannot say there is a reasonable probability that the court would have declined to apply the firearm enhancement had Morales's attorney also raised the narrow factual issue regarding Morales's place of residence. Residence in the home where the firearms were located was certainly not necessary for the judge to find, by a preponderance of the evidence, that Morales possessed the firearms. Consequently, because Morales cannot demonstrate prejudice under Strickland, we conclude that he has not made a substantial showing of the denial of a constitutional right.

Morales's application for a COA is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge